# RESCRIPT OPINIONS.

LARRY WHITAKER *vs.* COMMONWEALTH. September 21, 2010. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Larry Whitaker appeals from a judgment of a single justice of this court denying relief under G. L. c. 211, § 3, from the denial of his motion for a new trial, by which he sought to withdraw his guilty pleas to various offenses. The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Whitaker to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Here, Whitaker had an adequate remedy in the ordinary appellate process, as an appeal from the denial of a motion for a new trial can be taken as of right to a panel of the Appeals Court.[1,2] "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica,* 444 Mass. 1001, 1001 (2005). The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Larry Whitaker,* pro se.

---

[1]There is some suggestion in Whitaker's petition that he may have believed that he required leave from a single justice of this court to pursue such an appeal. If so, that is incorrect. Compare Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001) (authorizing appeal as matter of right from ruling on motion for postconviction relief), with Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996) (requiring leave of single justice for interlocutory appeal from ruling on motion to suppress).

[2]The record before us indicates that Whitaker in fact filed a timely notice of appeal, but, for reasons that are not entirely clear, it appears that he withdrew the appeal after it was entered in the Appeals Court. At this point, he might seek to have his appeal reinstated, or he could seek leave from the Appeals Court to file a new notice of appeal late. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).